**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ADEWALE S. ADERINTO,
<u>Plaintiff-Appellant,</u>

v.

No. 99-1945

J. C. PENNEY COMPANY,
INCORPORATED; BRIAN MICHAEL
MELROSE,
<u>Defendants-Appellees.</u>

ADEWALE S. ADERINTO,
<u>Plaintiff-Appellee,</u>

v.

No. 99-2118

J. C. PENNEY COMPANY,
INCORPORATED; BRIAN MICHAEL
MELROSE,
<u>Defendants-Appellants.</u>

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow and Alexander Williams, Jr., District Judges.
(CA-98-1128-AW)

Submitted: February 15, 2000

Decided: March 14, 2000

Before MURNAGHAN and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**COUNSEL**

Adewale S. Aderinto, Appellant Pro Se. Michael McGowan, MCGOWAN & SMATHERS, L.L.P., Laurel, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adewale S. Aderinto appeals the district court's order of judgment in favor of Defendants after the district court refused Appellant's requested jury instruction on spoliation of evidence. We have reviewed the record and find no reversible error. Accordingly, we affirm.

Cross-appellant filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Under Fed. R. App. P. 4(a)(3), a cross-appellant must file a notice of appeal within fourteen days of the first notice, or within the time otherwise prescribed by Fed. R. App. P. 4(a). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

2

The district court entered its order on June 23, 1999,* and the original notice of appeal was filed on July 9, 1999; the notice of the cross appeal was filed on August 4, 1999, which is beyond both the fourteen-day period of Rule 4(a)(3) and the thirty-day appeal period of Rule 4(a)(1). Cross-appellant's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of the cross appeal. We therefore dismiss the cross appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART
_____
*Although the district court's order is dated June 17, 1999, the district court's records show that it was entered on the docket sheet on June 23, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3